IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HENRY W. ROEBEN

                Plaintiff,

     v.

HOME DEPOT, INC.

                Defendant.

ORDER

13-cv-641-wmc

      Plaintiff Henry W. Roeben filed a "notice" of complaint against his former employer, Home Depot, Inc. (location #4909), alleging that he was terminated without due process in violation of his "civil rights." (Dkt. # 1). Roeben has paid the filing fee and, at the court's request, he submitted his complaint on a form provided by the clerk's office. (Dkt. # 3). Construing his notice of suit together with the form complaint, Roeben contends that his termination was based on "false statements" or pretext and that the real reason he was let go was his advanced age. Reviewed generously, he appears to allege that he was terminated in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq*. and/or the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 *et seq*.

      The next step is for plaintiff to serve his complaint on the defendant. Under Fed. R. Civ. P. 4(m), a plaintiff has 120 days after filing a complaint in which to serve the defendant. However, that is an outside limit with few exceptions. This court requires that a plaintiff act diligently in moving his case to resolution. If plaintiff acts promptly, he should be able to serve his complaint on the defendants well before the deadline for doing so established in Rule 4.

      To help plaintiff understand the procedure for serving a complaint, enclosed with this order is a copy of a document titled "Procedure for Serving a Complaint on a Corporation,

Partnership or Unincorporated Association in a Federal Lawsuit." Also enclosed are a notice of lawsuit and waiver of service of summons forms, along with a copy of the complaint, which plaintiff will need to send to the defendant in accordance with the procedures set out in Option 1 of the memorandum.

If the defendant refuses to complete and return the waiver of service form, plaintiff will have to follow Option 2 in the procedures for serving the defendant. (Should defendant fail without good cause to waive service of a properly served request for waiver of service of a summons, plaintiff could later recoup the costs of formal service under Fed. R. Civ. P. 4(d)(2)(G)). Plaintiff should be aware that whether he obtains the agreement of the defendant to waive service of a summons or serves defendant personally with a summons and complaint, he must act with diligence to serve his complaint on the defendant. If plaintiff cannot submit proof of service of his complaint by December 11, 2013 this action may be dismissed for his failure to prosecute it unless he can show good cause for his failure to accomplish service.

ORDER

IT IS ORDERED that plaintiff Henry Roeben promptly serve the complaint on the defendant and file proof of service of his complaint as soon as service has been accomplished. If, by December 11, 2013, plaintiff fails to submit proof of service of his complaint on the defendant or explain his inability to do so, I will direct plaintiff to show cause why this case should not be dismissed for his failure to prosecute it.

Entered this 17th day of October, 2013.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge