IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HENRY W. ROEBEN,

                    Plaintiff,                              OPINION & ORDER

        v.
                                                           13-cv-641-wmc
HOME DEPOT INC.,

                    Defendant.

In this civil action, plaintiff Henry Roeben, proceeding *pro se*, alleges that defendant Home Depot Inc. discriminated against him because of his age.  The court has held the preliminary pretrial conference in this matter, and discovery has begun.  Now before the court are Roeben's objections to Home Depot's interrogatories and requests for production of documents.  (Dkt. #18.)  In his letter, Roeben (1) states that the requests violate the letter and spirit of Fed. R. Civ. P. 26(c) by going beyond the scope of what is needed for discovery; and (2) asks the court to set aside Home Depot's requests and require a face-to-face conference with a mediator.  Given the relief requested, the court will construe his letter as a request for a protective order under Fed. R. Civ. P. 26(c).

Fed. R. Civ. P. 26(c) allows a party to seek a protective order from the court when requested discovery may cause annoyance, embarrassment, oppression or undue burden or expense.  Before seeking such an order, however, Rule 26(c)(1) requires the movant to confer or attempt to confer with other parties in an effort to resolve the dispute without court intervention.  *See* Fed. R. Civ. P. 26(c)(1).  During the preliminary pretrial conference, the court also advised Roeben that parties should try to work out discovery disagreements with one another if it is possible to do so quickly.  (*See* Preliminary Pretrial Conference Order (dkt. #14) 7.)  Home Depot has submitted an affidavit indicating that Roeben neither met and conferred

with, nor contacted Home Depot before filing his objections with the court.  (*See* Margaret Rudolph Aff. (dkt. #20) ¶ 2.)

Additionally, the court has reviewed the discovery requests and sees no problem with them.  "Generally, the Federal Rules of Civil Procedure allow for broad discovery."  *Deitchman v. E.R. Squibb & Sons, Inc.*, 740 F.2d 556, 559 (7th Cir. 1984).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Relevant information need not be admissible if the discovery is nevertheless "reasonably calculated to lead to the discovery of admissible evidence."  *Id.*

Roeben offers only two specific objections to Home Depot's discovery requests.[1]  *First,* he objects to the production of his tax returns.  Tax returns are not privileged, *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992), and they are relevant to discovery where a litigant puts in issue the amount of his income.  *Fields v. Gen. Motor Corp.*, No. 94 C 4066, 1996 WL 14040, at *4 (N.D. Ill. Jan. 14, 1996).  Given that Roeben requests monetary damages in his complaint (*see* Compl. (dkt. #1) 3), and his theory of liability is wrongful termination based on age discrimination, Roeben's income is relevant for discovery purposes.  *Second*, Roeben objects to the relevance of his educational background.  As Home Depot points out, that information is, at a minimum, relevant to Roeben's qualifications and mitigation efforts.  Thus, neither specific objection entitles Roeben to a protective order under Fed. R. Civ. P. 26(c).  Accordingly, Roeben must promptly respond to Home Depot's discovery requests.

Home Depot asks the court to order Roeben to pay its fees and costs from responding to Roeben's letter.  Given that Roeben is *pro se* and may not have fully understood the procedural requirements of discovery, the court declines to enter such an order, particularly since the

---

[1] Roeben also suggests that Home Depot has exceeded the number of interrogatories permitted, but the First Set of Interrogatories attached to his objection poses only 14 written interrogatories, which is well below the 25 maximum established by Fed. R. Civ. P. 33(a)(1).

obvious defects in his motion should have made significant expenditures on the response unnecessary. In the future, (1) Roeben should attempt to work out any discovery disputes with Home Depot directly, unless he can show that doing so would be a waste of time; (2) should Roeben move for a protective order, he should be sure to file a motion making clear the requests to which he objects and why those requests are oppressive or unduly burdensome, pursuant to Fed. R. Civ. P. 26(c)(1); and (3) should Home Depot believe that Roeben's position on discovery is essentially meritless, it should so advise the court by a short letter response, understanding that the court will allow it to submit a more formal response, should that be necessary, before ruling against it.

ORDER

IT IS ORDERED that:

1) Plaintiff Henry Roeben's motion for a protective order (dkt. #18) is DENIED.

2) Plaintiff is ordered to respond to defendant Home Depot Inc.'s discovery requests.

Entered this 21st day of April, 2014.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge