IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

Henry Roeben

    Plaintiff

                                             13-cv-641-wmc

V

Home Depot, Inc.

    Defendant

Notice to appeal Judge Conley.

This is to inform all parties in this matter that an appeal will be filed with the 7th court of appeals before 1-29-2015.

The bases of the appeal is that the court under judge Conley showed bias in favor of the defendant. The court did this by changing the dates of events so as not to consider the event in writing the opinion of the court. Also the court changed some of the facts to support the defendant.

1. On page 3 item B the court states that the plaintiff earned his customer service awards, and employee of the month award prior to 2008. This is incorrect. Both the defendant and the plaintiff agreed the awards were earned in 2008, 2009, and 2010.

2. On page 3 item B the court stated the plaintiff in 2009 received the lowest score in find the customer and thank the customer. This is true. The court failed to note that the plaintiff received an award by the customers for outstanding service. [ The court stated the award was earned before 2008].

3. On Page 3 item B the court stated the plaintiff again received the lowest marks for finding the customer, and thanking the customer. [In 2010]. This is true. The court failed to note that the plaintiff earned the employee of the month award for outstanding customer service. [The court again stated the award was earned before 2008].

4. The court failed to note that the defendant elected not to answer questions about the two rankings. [were they in fact true or was marking down a motivator].

5. The court also appears to over look a third party [Rob Gurke] statement stating the plaintiff was an outstanding employee.

6. On page 3 item B the court refers to the final notice warning. The court appears to give this some weight on behalf of the defendant declaring this a true document. The defendant produced a statement by Ben Hopkins [ Mr. Hopkins is employed by the defendant]. written in2014. Supporting the document. The court failed to note that the defendant has stated in writing that it has no proof that this document is in fact true. The defendant depends on the author to tell the truth. The court also failed to note that the document stated the alleged incident occurred on Nov. 7,2010 . Ben Hopkins stated the event happened on Dec 7,2010 so the defendant and the court changed the date. The defendant has also stated that by its own policy the plaintiff would not know about this document until after he left the employer.

7. Page 4 item C The court leans in favor of the defendant by excepting the declaration of Robert Schloss as true. The court failed to note that Mr. Schloss stated to a third party[ Brian Julson] in Feb. of 2011 that he did not see the plaintiff asleep at the desk. That Mr. Schloss only recanted his story after he was informed his employer was being sued. Then and only then is there a record by the defendant that Mr. Schloss was involved.

8. Page 4 item C  Again the court leans very heavily for the defendant and on the statement of Sara Lukes as being true. The court overlooks the defendants statement that it has no record of Sara Lukes seeing the plaintiff until after she is informed the defendant is being sued. Then and only then does she come forward to defend her employer.

The court failed to note that the only statement made by the defendant that the plaintiff was asleep; before the lawsuit was filed against the defendant was made by Marcus Kemblowski [This statement was made after the plaintiff went home for the day]. Mr. Kemblowski is the reason for the suit. The court also failed to note that the defendant is unable to show the plaintiff knew about Mr. Kemblowski's statement of seeing the plaintiff asleep until after the suit was filed [The plaintiff did not].

It is at this point that the court needed to decide if the real facts were enough to advance the case.

On page 10 I the court refers to the indirect method of proof.  1. Is he a member of the protected class?  Mr. Roeben was 60 at the time; so the answer is yes. 2.  Was he performing well enough to meet his employers legitimate expectations? Mr. Roeben had received several awards including employee of the month. So the answer would be yes. 3. Did he suffer an adverse employment action? He was fired so the answer is yes.  4. Now the real question.  While Mr. Roeben is unable to show similar action against younger workers he did show that management lied about the events to fire him. While the court states [page 11] that Mr. Roeben does not dispute that several witnesses saw him slouching over with his head down in a sleeping posture. This is incorrect. Mr. Roeben has maintained from Feb 12, 2011 that he was not. He agreed members of management said this. His dispute is that management lied . Mr. Roeben has maintained and the defendant has agreed that Sara Lukes and Robert Schloss only made statements after they were told their employer was being sued for comments made by Marcus Kemblowski. Robert Schloss even recanted a statement to a third party to support his employer.

On page 13 the court states there is no pretext to believe the defendant was not honest. The defendant has stated that Mr. Kemblowski had just met Mr. Roeben so there was no real interaction. In Mr. Kemblowski's statement he stated he saw Mr. Roeben asleep at the desk. On Feb. 18,2011 it is noted by Mr. Roeben that Mr. Kemblowski made a statement that he could fire workers and that Mr. Roeben should have been part time.

The court failed to address did Mr. Kemblowski see Mr. Roeben sitting down [permitted action] and take this as an opportunity to fire an older worker? Mr. Kemblowski wrote his statement after Mr. Roeben left work for the day. Mr. Kemblowski talked Sara Lukes into calling the AACG. All statements supporting Mr. Kemblowski were made after the suit was filed.

The court dismissed cats paw and all arguments on behalf of Mr. Roeben on the belief

that Sara Lukes, and Robert Schloss would not lie to protect their employer.
It appears the opinion of the court that despite the defendant agreeing [ no written record] with the plaintiff that there is no proof that any of the statements are true. The statements by the defendant are to be taken as true. That all facts that may disprove the defendant are to be ignored.

The court has injected statements including judge Conley's as fact that are not true.

It is the request of the plaintiff that judge Conley's order dismissing this case be over turned, and the case referred to trial.


Dated January 6, 2015

*[signature]*

Henry Roeben
Plaintiff